THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD KERRIGAN, Appellant.—Judgment of conviction of possession of gambling records, Supreme Court, New York County, after nonjury trial, rendered July 25, 1974, unanimously reversed, on the law, and the indictment dismissed. An investigation into gambling was carried on by police for one week short of five months, during which period defendant-appellant was seen periodically going into and out of a florist shop suspected of being the center of a gambling operation. Three days after completion of the investigation, but a few days more than six weeks after defendant had been last observed in connection therewith, a search warrant for the florist shop was procured, which also specified that defendant might be searched. The shop

was searched; nothing implicating defendant was found. Defendant was encountered by police the next day on the street a quarter mile from the shop and was held in custody while the warrant was sent for. He was then searched, the subject gambling records being found on his person. Since he had done nothing whatever to raise probable cause for his arrest, the success of the prosecution against him for possession of the contraband must rest solely upon the search carried out pursuant to the warrant. We hold that the warrant was not "personal" in that search of defendant's person anywhere he might be found was not authorized. Certainly, there was no specific direction to this end. Its concern was with the shop and the operations in and around it. The only bit of evidence found in the warrant's supporting papers which even arguably ties defendant to a gambling operation was an overheard telephone conversation in which one of the participants, apparently speaking of collection of a number of unspecified things, stated that "Ed would get a commission." Aside from this vignette and defendant's goings and comings at the shop, nothing even remotely connecting defendant with gambling, as distinguished from connection with the shop itself, was ever observed. It is thus seen that the thrust of the search warrant was to the shop as a center of gambling operations, and to defendant only had he been found therein. (Cf. *People v Green,* 33 NY2d 496.) This being so, it could not have provided a proper basis for search of defendant's person when he was encountered at a place distant from the focal point of the warrant. The fruits of the unlawful search provided the sole basis for the case against defendant, and his conviction should therefore be reversed. It is unnecessary to consider the other points raised. Concur— Markewich, J. P., Kupferman, Tilzer, Capozzoli and Nunez, JJ.